UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SANDRA TOMLINSON, et al.,

    Plaintiffs,

v.

UNITED BEHAVIORAL HEALTH,

    Defendant.

Case No. 19-cv-06999-RS  (JCS)

**ORDER RE JOINT DISCOVERY LETTER**

Re: Dkt. No. 49

## I. INTRODUCTION

This case is brought by Sandra Tomlinson on behalf of her minor child based on denial of coverage for residential treatment by United Behavioral Health ("UBH") under its 2017 Level of Care Guidelines ("2017 Guidelines"). Although the undersigned magistrate judge found in Case No. 14-cv-02346 ("*Wit*") and related case 14-cv-05337 ("*Alexander*") that the 2017 Guidelines were inconsistent with the health benefits plans of the plaintiffs in those cases, the classes that were certified in *Wit* and *Alexander* had a cut-off date of June 1, 2017. According to Plaintiff, this action is brought on behalf of individuals whose requests for benefits were denied under UBH's 2017 Guidelines after the class cut-off date in those cases. Presently before the Court is a joint discovery letter addressing disputes with respect to two issues: 1) whether a provision in Plaintiff's health benefits plan that limits review to the administrative record ("the Evidence Provision") precludes discovery of materials outside of the administrative record; and 2) whether the discovery produced in *Wit* should be deemed to have been produced in this action as well. The Court's rulings are set forth below.

## II. BACKGROUND

### A. The Evidence Provision Dispute

The parties' dispute regarding the implications for discovery of the Evidence Provision arises out of UBH's objections to certain interrogatories, requests for production and requests for

admissions propounded by Plaintiff on March 20, 2020. *See* Joint Letter, Exhibits A-F. While UBH agreed to produce Plaintiff's administrative record, it objected to many of Plaintiff's discovery requests on the ground that Plaintiff's health benefit plan expressly limits the scope of evidence in this case to the administrative record. In particular, the "Plan Document and Summary Plan Description" of "Administrative Information" for "S&P Global Inc. Group Health, Welfare and Disability Plans," in a section concerning "Judicial Review," states, in relevant part:

> You (or an appointed representative) (except in the case of the STD Plan and Dependent Care FSA) must timely pursue all the claim and appeal rights described above before you may file a lawsuit under Section 502(a) of ERISA. This rule means that you may not bring any action to recover benefits under the terms of a Plan or Component Plan, to enforce your rights under the terms of a Plan or Component Plan, or to clarify your right to future benefits under the terms of a Plan or Component Plan unless and until the applicable claim and appeal rights (including any mandatory second level appeal rights, to the extent applicable) described above have been exercised and the benefits (current or future) or rights requested in such appeal have been denied in whole or in part (or there is any other adverse benefit determination). If you wish to seek judicial review of the denial of any appeal under a Plan or Component Plan, unless the documents governing a fully-insured plan provide for a different length of time, you must file a lawsuit under Section 502(a) of ERISA (to the extent applicable) within the one-year period beginning on the earlier of: (i) the date the statute of limitations would commence under applicable law, or (ii) the date on which all administrative remedies under the Plan or Component Plan are fully exhausted – that is by the earlier of the date on which an adverse benefit determination on review is issued by the Appeals Reviewer (or, in the case of a Component Plan subject to the voluntary external review process noted above, the IRO) or the last day on which a final decision should have been issued – or you will be forever prohibited from commencing such action. **If any such judicial proceeding is undertaken, the evidence presented will be strictly limited to evidence timely presented to the Appeals Reviewer**.

*Id.*, Ex. G at 74-75 (emphasis added). The parties disagree about the meaning of the highlighted language in the section quoted above and the implications of this limitation for discovery.

UBH asserts that the Evidence Provision precludes Plaintiff from relying on evidence outside of the administrative record in support of any of her claims and therefore that such evidence is not discoverable. Plaintiff, on the other hand, contends the section does not apply to judicial review of anything other than benefit claim denials and does not preclude her from seeking discovery of, and relying upon, evidence outside of the administrative record that is

2

1    relevant to her allegation that UBH's adoption and application of the 2017 Guidelines breached

2    UBH's fiduciary duties and violated ERISA.  She further contends the Evidence Provision does

3    not prevent her from seeking discovery of, or relying upon, evidence outside of the administrative

4    record that is relevant to class certification, noting that Plaintiff's health benefit plan does not

5    contain any provision barring class actions.

6        Plaintiff argues that even if the Evidence Provision does purport to preclude reliance on

7    evidence outside of the administrative record to support her claims that UBH breached its

8    fiduciary and violated ERISA, the provision should not be enforced or relied upon to limit

9    discovery.  In particular, Plaintiff contends the Evidence Provision is inconsistent with the

10   purposes of ERISA, which include "providing for appropriate remedies, sanctions, and ready

11   access to the Federal courts." 29 U.S.C. § 1001.  She also argues that precluding discovery

12   outside of the administrative record would effectively relieve UBH of responsibility or liability for

13   its alleged breach of fiduciary duty and therefore, that the Evidence Provision is void under 29

14   U.S.C. § 1110(a), which provides that "any provision in an agreement or instrument which

15   purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or

16   duty under this part shall be void as against public policy." Finally, Plaintiff contends UBH

17   already agreed to produce evidence outside of the administrative record in its Rule 26(f) Report.

18       UBH rejects Plaintiff's assertion that the limitation to evidence in the administrative record

19   in support of a breach of fiduciary duty claim violates ERISA, arguing that "courts routinely

20   enforce plan terms imposing reasonable limits on a beneficiary's right to bring suit under ERISA,

21   including claims for breach of fiduciary duty."  It also argues that Plaintiff is free to pursue a class

22   action under Rule 23 consistent with the terms of her plan but that she cannot use Rule 23 to

23   abrogate ERISA, which requires strict compliance with the plan, including the Evidence

24   Provision.  UBH also asserts that Plaintiff has not identified any discovery request to which UBH

25   has objected that she contends is necessary to decide class certification.  It further points out that it

26   has already agreed to produce a sample of administrative record and plan documents for putative

27   class members to allow the parties to assess class certification issues.  UBH denies that it agreed to

28   produce evidence outside of the Administrative Record in its Rule 26(f) Report.

### B. *Wit* Discovery Materials Dispute

Plaintiff has proposed that documents produced by UBH in *Wit* -- other than materials specific to named plaintiffs and class members that contain personally identifiable information or protected health information -- be deemed to have been produced in this case. UBH disagrees and argues that this issue is not ripe for decision.'

Plaintiff contends the parties litigated the same core question in *Wit* as is at issue in this case, namely, whether UBH's adoption of the 2017 Guidelines and its use of them to deny requests for coverage for residential mental health or substance use disorder treatment violated ERISA and the class members' plans. Because this case is merely a continuation of *Wit*, Plaintiff asserts, it is logical and in the interest of judicial economy to deem materials produced in *Wit* to have been produced here. Doing so will also ensure that discovery in this case is "proportionate to the needs of the case" under Rule 26(b)(1) of the Federal Rules of Civil Procedure, Plaintiff argues.

Plaintiff acknowledges that there might be discovery materials that were produced in *Wit* that are not relevant in this case due to the fact that only the 2017 Guidelines are challenged in this case. She argues, however, that the mere fact that materials produced in *Wit* predate the class period in this case does not mean they are not relevant, pointing out that in *Wit* the Court relied on evidence that predated the class period to support its findings as to UBH's alleged breach of fiduciary duty. She also notes that the standard for discoverability is broader than it is for relevance.

Plaintiff further contends that if there are materials that cannot be deemed produced in this case without modifying the protective order in *Wit*, that protective order can and should be modified. Finally, Plaintiff rejects UBH's argument that the discovery in *Wit* need not be deemed produced in this case because many of those materials are part of the trial record in *Wit* and therefore publicly available. According to Plaintiff, the mere fact that some of the *Wit* materials are publicly available does not insulate UBH from discovery of materials that are not part of the *Wit* trial record.

UBH objects to Plaintiff's "blanket request that hundreds of thousands of pages of *Wit*

4

1  discovery be 'deemed produced' in violation of the *Wit* protective order and without regard to its
2  discoverability or relevance." According to UBH, it is Plaintiff's burden to show that each
3  document, or at least, each category of documents that would be deemed to have been produced in
4  this case, is relevant and discoverable in this case. Moreover, UBH contends, Plaintiff would need
5  to intervene in *Wit* to request a modification of the *Wit* protective order in order to seek discovery
6  of documents that were produced in *Wit* under protective order, which Plaintiff has not yet done.
7  UBH also argues that this dispute is not ripe for resolution because Plaintiff did not serve this
8  request until after the April 21, 2020 meet and confer discussion and UBH had not yet served its
9  objections to the request at the time of the joint discovery letter.

### III.   ANALYSIS

Under Rule 26, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Traditionally, the relevance requirement of Rule 26(b)(1) has been construed broadly. *Fed. Trade Comm'n v. DIRECTV, Inc*., No. 15-CV-01129-HSG(MEJ), 2015 WL 8302932, at *3 (N.D. Cal. Dec. 9, 2015). Thus, "relevance within the meaning of Rule 26(b)(1) is considerably broader than relevance for trial purposes." *Id.* In determining whether discovery is proportional to the needs of the case, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*.

In an ERISA case in which a plan administrator's denial of benefits is governed by the abuse of discretion standard, the court is generally limited to the administrative record in reviewing the denial. *See Abatie v. Alta Health & Life Ins. Co*., 458 F.3d 955, 970 (9th Cir. 2006). However, the Ninth Circuit has held that "the court may consider evidence beyond that contained in the administrative record that was before the plan administrator, to determine whether a conflict of interest exists that would affect the appropriate level of judicial scrutiny." *Id*. (citing *Tremain v. Bell Indus., Inc.*, 196 F.3d 970, 977 (9th Cir. 1999) (holding that the court could consider evidence

outside of the administrative record to determine whether the plan administrator's conflict of interest affected its decision to deny her benefits). In addition, "when procedural irregularities are apparent in an administrator's determination, [courts] may consider extrinsic evidence to determine the effects of the irregularity." *Pac. Shores Hosp. v. United Behavioral Health*, 764 F.3d 1030, 1041 (9th Cir. 2014).

In light of the legal standards discussed above, the Court finds that UBH's reliance on the Evidence Provision to avoid all discovery outside of the administrative record is improper. It is not the role of the undersigned to decide how broadly to read this provision or whether the provision is enforceable. Rather, the undersigned must determine whether the evidence is relevant and proportional to the needs of the case under Rule 26. Plaintiff has made colorable arguments that the Evidence Provision applies only to the Court's consideration of whether the denial of benefits was proper and that the provision violates ERISA to the extent it is read to have a broader scope. Therefore, the Court finds that Plaintiff is entitled to discovery of nonprivileged information outside of the administrative record that is otherwise relevant and proportional notwithstanding the term in Plaintiff's plan limiting review to the administrative record.

The Court declines to decide the parties' second dispute, regarding whether or not to deem the discovery produced in *Wit* to have been produced in this case, because that dispute is not yet ripe for decision. The Court notes, however, that the Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation" because "[a]llowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003). Thus, "'where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification.'" *Id*. (citing *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1428 (10th Cir. 1990) (*Wilk v. Am. Med. Ass'n*, 635 F.2d 1295, 1299 (7th Cir. 1980)).

Given the overlap between this case and *Wit*, the interests in judicial economy and

1  avoidance of wasteful duplication are particularly salient here. Moreover, UBH has not offered
2  any reasons why modification of the protective order in *Wit* could not be achieved without
3  prejudicing its substantial rights, though the Court does not decide that question here.
4  Nonetheless, the court in *Foltz* cautioned that "a court should not grant a collateral litigant's
5  request for . . . modification [of a protective order] automatically" but instead should require a
6  "showing of relevance." *Id*. at 1132. At this point, the parties have not completed the process of
7  meeting and conferring to determine the specific areas of disagreement with respect to this
8  dispute.

## IV.   CONCLUSION

The Court therefore finds in favor of Plaintiff to the extent it concludes that the Evidence Provision does not preclude discovery of information outside of the administrative record. The parties should meet and confer, however, to address the relevance and proportionality of the specific categories of extra-record evidence that Plaintiff seeks in this case. To the extent that Plaintiff seeks extra-record evidence to support class certification, she should identify the specific types of evidence that she contends are relevant on that basis and that UBH has not already agreed to provide.

Likewise, the parties should meet and confer to address the specific categories of evidence produced in *Wit* that Plaintiff seeks to be deemed produced in this case. As Plaintiff concedes that some of that evidence is not relevant here, Plaintiff should identify the evidence that falls into that category. Conversely, she should identify the specific categories of evidence produced in *Wit* she contends are relevant in this case and the general theory of relevance that applies to each category.

**IT IS SO ORDERED.**

Dated: June 2, 2020

_____
JOSEPH C. SPERO
Chief Magistrate Judge

7