UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA TOMLINSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH,<br><br>Defendant. | Case No. 19-cv-06999-RS  (SI)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT LETTER MOTION TO COMPEL**<br><br>Re: Dkt. No. 167 |

The parties have filed a joint letter (Docket 167) (the "Motion") in which Plaintiffs seek to quash 50 subpoenas served on non-party healthcare facilities, seeking records and depositions regarding the provision of residential treatment services to absent class members who are part of the parties' agreed upon Claim Sample in this case. For the reasons set forth below, the Motion is Granted in Part and Denied in Part.

Discovery from the non-parties in this case is governed not only by the relevancy and proportionality requirements of Rule 26 of the Federal Rules of Civil Procedure, but also by two other restrictions. First, as with any subpoena to a non-party, the court must quash the subpoena if it subjects the non-party to "undue burden." Fed. R. Civ. P. 45(d)(3)(A)(4). Second, where a party seeks production of records regarding individual absent class members, the proponent of the discovery must also demonstrate: "That (1) the discovery is not designed to take undue advantage of class members or to reduce the size of the class, (2) the discovery is necessary, (3) responding to discovery requests would not require the assistance of counsel, and (4) the discovery seeks information that is not already known by the proponent." *DeLuca v. Famers Ins. Exch.*, No. 17-cv-0034 EDL, 2018 WL 11436065 at *1 (N.D. Cal. Dec. 21, 2018).

1    The subpoenas at issue in this case are extraordinarily broad, especially considering that the parties have been engaged in discovery for a long time, and the demands were served in a limited discovery widow after the Court issued the latest amended class certification order.  For example, the subpoenas seek "all documents" and a deposition regarding:  All healthcare services of any kind during the relevant period (Deposition Topic No.1 and Document Demand No. 1); All billing and payment records for all healthcare services, without regard to date (Deposition Topic No.3 and Document Demand No. 2); All communications with the patient, defendant, and any insurer or administrator of certain services related to the patient, with a date limitation on the document demand of  June 2, 2017  to the present (Deposition Topic No. 4 and Document Demand No. 3); Any civil or criminal lawsuits against the subpoenaed party for the past 7 years related to allegations of abuse, misconduct or mistreatment (Deposition Topic No.8).  The other demands are similarly broad, not only in their topic scope, but in seeking "all documents" referring to a topic rather than a more limited group of relevant documents.

Despite this breadth, Defendant limits its justification of the subpoena to two topics:  (1) class member assignments of payment rights, based on the need to determine if those class members in the sample have Article III standing; and (2) whether absent class members in the sample received residential treatment services after their claim was denied, and incurred expenses – a requirement for a class member to receive reprocessing.  Motion at 4-5.

As to these two narrow justifications, the Defendant is correct at least in part.  Class member assignment of payment rights, and receipt of a payment for services after denial of a claim, are both relevant to a claim or defense.  If the ultimate production is sufficiently narrow, documents concerning these issues will  not be an "undue burden" and will  meet the requirements for absent class member discovery. There is no showing in the Motion that any depositions will be necessary. To the extent that the scope of the subpoenas is beyond these limited topics, the Motion is GRANTED.

The parties are Ordered to meet and confer to narrow the scope of the subpoenas to documents that (1) are relevant to these two issues, and (2) can be produced without subjecting the non-parties to undue burden.  They shall confer by zoom forthwith and submit their resolution of

this issue to the Court no later than one week from the date of this order by joint letter.

**IT IS SO ORDERED.**

Dated: October 15, 2025

JOSEPH C. SPERO
United States Magistrate Judge