1

2

3

4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7    SANDRA TOMLINSON, et al.,                Case No.  19-cv-06999-RS   (JCS)

          Plaintiffs,
8                                             **ORDER RE JOINT DISCOVERY
                                              LETTER; REPORT AND
9         v.                                  RECOMMENDATION RE
                                              PRECLUSION OF TESTIMONY**
10   UNITED BEHAVIORAL HEALTH,

          Defendant.
11

                                              Re: Dkt. No. 177
12

13

        UBH asks that Plaintiff "Mary Jones" (a pseudonym) be ordered to: (1) appear for a

14   deposition; (2) search for responsive documents to UBH's document requests and supplement her

15   document production accordingly; and (3) provide a verification for her own interrogatory

16   responses.  Plaintiff opposes these requests and the parties have submitted a joint discovery letter

17   addressing the dispute.  Dkt. no. 177.  The Court DENIES UBH's requests for the reasons set

18   forth below.

19      Under Rule 26, parties "may obtain discovery regarding any nonprivileged matter that is

20   relevant to any party's claim or defense and proportional to the needs of the case, considering the

21   importance of the issues at stake in the action, the amount in controversy, the parties' relative

22   access to relevant information, the parties' resources, the importance of the discovery in resolving

23   the issues, and whether the burden or expense of the proposed discovery outweighs its likely

24   benefit."  Fed. R. Civ. P. 26(b)(1). Here, the burden associated with the discovery UBH seeks

25   outweighs its likely benefits.

26      First, with respect to the document discovery UBH seeks, there is no evidence that Ms.

27   Jones has any documents other than the ones that her mother – who is also her agent under a

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1    durable power of attorney -- has produced.  In fact, the only evidence is that Ms. Jones, who now

2    lives with her mother, has no documents.  *See* Ex. 2 (Tomlinson Depo.) at 397.

3        Second, with respect to the interrogatories, the responses that have already been provided

4    were properly signed by an agent with a power of attorney.  In light of Ms. Jones' fragile mental

5    condition, that is sufficient. *See Miller v. Holzmann*, 238 F.R.D. 111, 112 (D.D.C. 2006).

6        Third, with respect to UBH's request to depose Ms. Jones, the burden associated with

7    conducting such a deposition outweighs any potential benefit.  Plaintiff has supplied a letter from

8    her psychiatrist indicating that she is in an acute and unstable condition as a result of her mental

9    health issues, and that she could not participate in or endure a deposition.  Ex. 7.  The psychiatrist

10   further opines that the strains of the litigation could lead to a serious deterioration of her current

11   mental health condition. *Id.*  Moreover, according to Plaintiff's mother, Plaintiff has previously

12   been hospitalized after attempting to commit suicide.  Ex. 2 at 396. In this fragile condition, it

13   appears unlikely that Plaintiff will provide any more information on the important issues in this

14   case than that which has been provided by her mother.  This is especially true for the only issue

15   highlighted by the Defendant in the joint letter:  whether Plaintiff authorized her mother to assign

16   her insurance benefits when plaintiff went into in-patient care for her acute mental health

17   condition.  Plaintiff was 18 at the time and is very unlikely to have any information about the

18   forms that her mother signed, or any after-the-fact ratification of an assignment.  Indeed, the

19   provider testified that no assignment was required for admission. Ex. 5 (Simpson Tr.) at 137.

20       On the other hand, Plaintiff has not produced any medical records showing the diagnosis of

21   her mental condition, or treatment and current status. Plaintiff should produce those to the

22   undersigned for in camera inspection by **December 15, 2025**.  Plaintiff's counsel should arrange

23   for submission of this evidence through Judge Spero's courtroom deputy, who can be reached by

24   email at jcscrd@cand.uscourts.gov. The Court will issue an order if it determines, after reviewing

25   this evidence, that any further discovery from Plaintiff is appropriate.  Finally, in light of

26   Plaintiff's inability to personally participate in discovery, I would recommend that she be barred

27   from submitting any declarations or testifying at trial in this matter.  **Any party may object to the**

28   **Court's Order and recommendation by filing an objection with the district court judge**

2

1   **within fourteen (14) days of the date of this Order.**

2         **IT IS SO ORDERED.**

3

4   Dated:  December 4, 2025

5   _____

6   JOSEPH C. SPERO
    United States Magistrate Judge